UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA ) <br> FOR AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF PEN ) <br> REGISTERS AND TRAP AND TRACE ) <br> DEVICES AND ACQUISITION OF CELL SITE ) <br> INFORMATION ) <br> ) | MISC. NO. 3:18mj 1199 (WIG) <br><br> United States District Court <br> District of Connecticut <br> FILED AT BRIDGEPORT <br> Filed Under Seal <br> 7/24/18 ___20 <br> Robin D. Tabora, Clerk <br> By _____ <br> Deputy Clerk |

**ORDER**

Amy C. Brown Assistant United States Attorney for the District of Connecticut (the applicant), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of a pen register and trap and trace device ("pen-trap device") on the Sprint cellular telephone number 203-449-5125 (the "Target Telephone") and the acquisition of certain approximate location information for the Target Telephone, and other dialing, routing, and signaling information that may be associated with communications to or from the Target Telephone as described in Attachment B to this Order. The Court finds:

4.   The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration ("DEA") of unknown individuals in connection with possible violations of Title 21, United States Code, Sections 846, 841(a)(1), and 843.

5.     The United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to the same ongoing criminal investigation.

6.     There is reason to believe that notifying any other person, including the subscriber of the target cell phone, of the existence of this application and Order, the resulting pen-trap device, or this investigation, except as necessary to effectuate the Order, will seriously jeopardize the ongoing investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 3123-24, that the applicant and the DEA may, for a period of sixty days from the date of installation of the pen-trap device, install and use pen-trap device to collect dialing, routing, addressing, and signaling information for each communication to or from the Target Telephone, as described in Section II(a) of Attachment B, without geographic limit.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 2703(d) and 18 U.S.C. §§ 3122-24, the applicant and the DEA are authorized to acquire, during the same sixty-day period, all information requested in Section II(b) of Attachment B, without geographic limit, and to utilize electronic equipment to cause the Target Telephone to emit its unique identifiers.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Sprint and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service.

IT IS FURTHER ORDERED that the DEA reasonably compensate Sprint and any other

person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order.

IT IS FURTHER ORDERED that the DEA and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

IT IS FURTHER ORDERED that Sprint and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the DEA of any changes relating to the Target Telephone, including changes to subscriber information, and provide prior notice to the applicant and the DEA before terminating or changing service to the Target Telephone.

IT IS FURTHER ORDERED that Sprint and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not disclose in any manner, directly or indirectly, by any action or inaction, including to the subscriber of the Target Telephone, identified above, the existence of this application and Order, the resulting pen-trap device, or the underlying investigation, except as necessary to effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b) and 18 U.S.C. § 3123(d)(2).

IT IS FURTHER ORDERED that this Order and the application for this Order be sealed until further order of this Court.

SO ORDERED this 10th day of March, 2015.

/s/ William I. Garfinkel, USMJ
HONORABLE WILLIAM I. GARFINKE
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT B

### III. The Target Cell Phone

The Order applies to certain information associated with the following cell phone number: 203-449-5125 (the "Target Telephone").

### IV. Information to Be Collected with Pen-Trap Device

The pen-trap device is authorized to collect the following information for the Target Telephone listed in Part I of this Attachment.

    a. **Pursuant to 18 U.S.C. §§ 3122-24**
    All dialing, routing, addressing and signaling information associated with each communication to and from the Target Telephone, including, but not limited to:

        iv. Any unique identifiers associated with the cell phone, including ESN, MEIN, MSISDN, IMSI, IMEI, SIM, or MIN.
        v. Source and destination telephone numbers and email addresses.
        vi. Date, time and duration of all communications.

    b. **Pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d)**

        ii. All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the target cell phone(s) will connect at the beginning and end of each communication.

